BANK OF EUPORA *v.* STATE EX REL. WEBSTER COUNTY.

[69 South. 998.]

DEPOSITORIES. *County depositories. Statutes.*

> Laws of 1914, chapter 257, amending section 2 of the Act of 1912, chapter 194, which requires the board of supervisors at the regular December meeting to give notice to all banks in the county, and to mail notices to each and every bank in adjoining counties, for proposals to keep county moneys and at the January term to receive proposals, does not empower the board of supervisors to deposit county funds with a bank in an adjoining county, when a bank in the county qualified as a depository, although the bank in the adjoining county offered a greater rate of interest.

APPEAL from the circuit court of Webster county.

HON. H. H. HODGES, Judge.

Mandamus by the state, on the relation of Webster county, against the Bank of Eupora. From a judgment issuing the writ, respondent appeals.

Appellant was county depository for the county of Webster for the year 1914. At the meeting of the board of supervisors of Webster county in January, 1915, the Maben Home Bank was appointed county depository for the current year and qualified as such by giving bond in the sum of fifty thousand dollars. The Bank of Eupora declined to recognize the Maben Home Bank as county depository and declined to surrender to it the money—alleged in the petition to be about forty-five thousand dollars—on deposit with it belonging to the county; whereupon a petition was filed in the court below, praying that a writ of mandamus issue directing the Bank of Eupora to—"make settlement with and payment to the Maben Home Bank as the depository of said county for the year 1915, of all funds and accounts, moneys, and other assets which have been heretofore in the custody and in the possession and control of the said Bank of Eupora."

A demurrer, setting forth quite a number of objections to the petition, was interposed by appellant, but was overruled by the court. Among the grounds of this demurrer are the following:

"Mandamus not the proper remedy."

"No averment of the issuance of any county warrant in favor of the relator or any act in that behalf done."

"No power in respondent to pay over any money except upon a warrant duly and lawfully issued in favor of the proper depository by the proper county officials."

"No duty to settle with any successor but only to pay over the funds as lawfully drawn by the court."

A jury was waived and the cause submitted to the trial judge on its merits on an agreed statement of facts, which is as follows:

"It is agreed that there is only one question of law to be decided in this case; that is to say whether or not the board of supervisors can create a county depository out of the county when a bank located in the county is ready, willing, and able to become county depository for the sole reason that the bank out of the county, in an adjoining county agrees to pay more interest than any bank in the county.

It is admitted in this case that the Maben Home Bank is located outside of Webster county; that it made a bid complying in all respects with the law to become county depository of Webster county offering to pay four per cent interest; that the Bank of Eupora being a bank located within Webster county made a bid complying with the law in all respects to become county depository, offering to pay only two per cent interest; and that thereupon both bids being in regular form the board of supervisors of Webster county, accepted the bid of the Maben Home Bank and rejected the bid of the Bank of Eupora, solely because of the difference in the interest rate offered.

"Both banks complied in every respect with the law, but one is located in the county and the other is located

out of the county, and the board of supervisors passed an order and issued a commission to the bank out of the county solely because it offered to pay four per cent. interest when the bank in the county offered to pay only two per cent. interest. The validity of this order, so creating a county depository out of the county upon the ground that said out of the county bank paid more interest than the bank located in the county, is the question for decision.''

A judgment was rendered in favor of the relator and in accordance with the prayer of the petition.

*T. L. Lamb* and *Green & Green,* for appellant.

*Geo. H. Ethridge,* Assistant Attorney-General for the state.

SMITH, C. J., delivered the opinion of the court.

(after stating the facts as above.) The assignment of error filed herein does not present to·us for review the ruling of the court below on the demurrer, so that we are not called upon to express an opinion relative thereto. The only error assigned is that:

''The circuit court erred in holding that there could be the creation of an out of the county depository when there was a bank in the county, ready, willing, and able to become depository upon the sole ground that the out of the county bank would pay more interest than the bank in the county.''

Our county depository law was first enacted as chapter 137 of the Laws of 1910, and was amended by chapter 194 of the Laws of 1912 and by chapter 257 of the Laws of 1914. By the first two of these statutes power is conferred upon the board of supervisors of the various counties to appoint as county depository a bank located in an adjoining county, but only in event that no bank located in the county for which the depository is to be ap-

pointed shall qualify as such. It is claimed, however, on
behalf of the relator that the law in this respect was
amended by chapter 257 of the Laws of 1914 by which,
it is claimed, power is conferred upon the board of super-
visors. to appoint as county depository any bank doing
business either in the county for which the depository
is to be appointed or in any adjoining county.

Section 1 of chapter 194 of the Laws of 1912 provides.
that:

"The amount of money belonging to the several current
funds in the county treasury of each county in the state
shall be kept on deposit in the state or national banks, or
in some of them doing business in the several counties,.
provided that where there is no bank in a county quali-
fying as a depository, some bank in an adjoining county
may qualify as a depository, and provided further, that
in the event no bank qualifies as a depository, the funds.
belonging to the county shall be kept by the county treas-
urer, as now provided by law. All such deposits shall
be subject to payment when demanded on warrant issued
by the clerk of the board of supervisors on the order of
the said board or on the allowance of a court authorized
to allow the same, and each bank qualifying as such.
county depository shall be required to pay to the county
for the privilege of holding the deposits, interest at the
rate agreed upon, but in no event less than two per cent.
per annum on the average daily balance kept on deposit
in any depository."

Section 3 thereof provides that:

"Any bank in a county, or in an adjoining county where
there is no bank in a county qualifying, may qualify as a
county depository by placing on deposit with the county
treasurer as security any of the following securities,
. . ." etc.

These two sections in this regard are practically the
same in both chapter 137 of the Laws of 1910 and chapter
194 of the Laws of 1912. Section 3 of chapter 137 of the
Laws of 1910 provides that:

"The board of supervisors of each county at the November meeting, 1911, and annually thereafter shall give notice to all banks in their counties of the provisions of this Act and receive such proposals they or any of them may make for the privilege of keeping any part of the county funds and the security proposed; and said board shall place the deposit with the banks proposing the best terms, having in view the safety of such funds, and the terms made with each bank shall remain in force for one year."

By chapter 194 of the Laws of 1912 this provision of the statute was amended so as to read as follows:

"Sec. 2.    The board of supervisors, at the regular December meeting in each year, and annually thereafter, shall give notice to all banks in their counties by publication of the provisions of this act, and at the following January meeting or some subsequent meeting, receive such proposals as they, or either of them, may make for the privilege of keeping the county funds or any part thereof and the security proposed and the said board shall cause the county funds to be deposited in the bank or banks proposing the best terms, having in view the safety of the said funds and the terms made with each depository shall remain in force for the current year, and until a new arrangement shall be made according to this act."

It will be observed that the amendments hereby made to the law of 1910 are: (1)   The date for giving notices is changed from the November to the December meetings of the boards of supervisors; (2) that these notices shall be published; (3) that proposals from banks desiring to become county depositories shall be received "at the following January meeting or some subsequent meeting;" (4) and by providing that instead of remaining in force for one year "the terms made with each depository shall remain in force for the current year, and until a new arrangement shall be made according to this act.

Two of the defects in both these statutes were: (1) That no provision was made for notifying banks in the adjoining counties that the board of supervisors of any county intended to appoint a county depository so that the board could comply with that portion of the statute which provides that the money shall be deposited in a bank in an adjoining county in event no bank in the county shall qualify as depository; and (2) no provision was made for readvertising for bids when no response was received to the first advertisement therefor. In 1914 a statute, being chapter 257 of the laws of that year, was enacted by which section 2 of chapter 194 of the Laws of 1912 was amended and two new sections added to the statute. This statute in full is as follows:

"Section 1. Be it enacted by the legislature of the state of Mississippi. that section 2 of chapter 194 of the Laws of 1912 be, and the same is hereby amended to read as follows:

"The board of supervisors at the regular December meeting in each year and annually thereafter, shall give notice to all banks in their county by publication of the provisions of chapter 194 of the Laws of 1912, and that a copy of said notices shall be mailed by the board of supervisors to each and every bank in adjoining counties, and at the following January meeting or some subsequent meeting, receive such proposal as they or either of them may make for the privilege of keeping the county fund or any part thereof, and the security proposed and the said board shall cause the county fund and all other funds in the hands of the county treasurer to be deposited in the bank or banks proposing the best terms having in view the safety of said funds, and the terms made with each depository shall remain in force for the current year and until new arrangements shall be made according to this act.

"Sec. 2. When no bid or offer is made by any bank in the county or in the adjoining county to qualify as a depositor at the January meeting the 110 Miss—10.

board of supervisors shall have the power to readvertise and to select depository in the manner provided by this act at any subsequent meeting of the board.

"Sec. 3. It shall be unlawful for any officer in any bank, or any other person to make an agreement of any kind with the intent and purpose of keeping any bank from bidding for county deposits whether such agreement be express or implied, and any person violating this provision shall upon conviction be fined not less than five hundred dollars nor more than one thousand dollars and shall be imprisoned in the county jail for not less than thirty days, nor more than six months."

It will be observed that the only amendments here made to the statute are that a copy of the notices that a county desires to appoint a county depository "shall be mailed by the board of supervisors to each and every bank in adjoining counties" and that the board shall cause, not only the county funds, but "all other funds in the hands of the county treasurer to be deposited in the bank or banks," etc.; that when no bid is received from any bank in response to the first advertisement the board shall readvertise therefor; and a penalty is imposed for obstructing the making of bids.

Sections 1 and 3 of chapter 194 of the Laws of 1912, by which it is made mandatory upon boards of supervisors to deposit the county money in a bank located in the county when such a bank shall qualify as county depository, are in no wise referred to in the Act of 1914, and therefore cannot be held to be amended thereby unless such a result follows by necessary implication or, in other words, unless the provisions of sections 1 and 2 of the Act of 1912 here under consideration are wholly incompatible with the provisions of chapter 257 of the Laws of 1914. If section 2 of the Act of 1912 had been in language identical with section 1 of the Act of 1914, it could not have been seriously contended that by the statute as then enacted the boards of supervisors were au-

thorized to cause a county's money to be deposited in a bank located in an adjoining county, if a bank in the county shall qualify as county depository; for it would have been beyond question that the provision requiring notices to be mailed to banks in the adjoining counties was simply for the purpose of enabling the board to comply with its duty of causing the county money to be deposited in a bank in an adjoining county when no bank in the county should qualify as a county depository. That this provision of the statute was inserted therein after the original was enacted should not, we think, change the construction thereof, unless it is clear from the whole statute that such was the purpose of the legislature. The only effect, in our judgment, of the amendment here in question, is to cure the defects hereinbefore pointed out in the statute as originally enacted. We are therefore of the opinion that it was not the purpose of the legislature to permit the county money to be deposited in banks in adjoining counties when a bank in the county shall qualify as county depository.

Reversed, and cause dismissed.

*Reversed.*